**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 11-1298-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Virginia Quintero-Mendoza, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before this Court is Defendant's motion to suppress her statements. Her motion is targeted at her statements made after she was *Mirandized* and after she indicated she wanted counsel.

**Factual Background**

On July 25, 2011, Defendant, a lawful permanent resident of the Unites States, applied for entry into the United States in the vehicle lanes of the San Luis, Arizona, Port of Entry. The Border Officer believed Defendant was behaving suspiciously, and referred her to a secondary area for further inspection. At the secondary area, a narcotics-detecting canine alerted on Defendant's car. Officers inspected Defendant's car and found 20.06 kilograms of methamphetamine and 1.011 kilograms of cocaine.

Defendant was then arrested and read her *Miranda* rights in Spanish. Defendant was interviewed by two Special Agents, Sandor and Hartfelder, who used border patrol officer Garcia as a translator. Defendant stated that she wished to be interviewed with an attorney

present. Special Agent Hartfelder testified that it was his impression that Defendant was willing to speak with the Agents but mistakenly believed an attorney was available immediately to come assist her. Because of this impression, Special Agent Sandor explained to Defendant that if she exercised her right to an attorney, the Agents could not interview her at that time, but would have to wait until an attorney was appointed. Defendant then indicated that she wished to proceed with the questioning without an attorney present. Defendant then signed a form waiving her *Miranda* rights and the Agents proceeded with questioning.

**Arguments of the Parties**

Preliminarily, the Government argues that Defendant's statements at the first border checkpoint, the second border inspection site, and the background booking information pre-*Miranda* warnings are all admissible. Based on Defendant's arguments in her motion, and counsel's avowal at oral argument, the Court finds that Defendant did not challenge the admissibility of any of these statements; thus, they will not be suppressed.[1]

Defendant does challenge the admissibility of all of her statements made after she received her *Miranda* warnings. More specifically, Defendant claims she invoked her right to counsel and that the Agents failed to honor that invocation. As a result of the Agents' conduct in violation of *Miranda*, Defendant argues that her statements should be suppressed. Conversely, the Government argues that Defendant's invocation of her right to counsel was equivocal and that the Agents could clarify her request. The Government further argues that upon clarification, Defendant waived her right to counsel and agreed to proceed with questioning. Thus, the Government argues that neither the clarification of an equivocal request nor the subsequent waiver of the right to counsel and questioning violated *Miranda*;

---

[1] To the extent at oral argument the Government asked the Court to affirmatively rule that none of these encounters with law enforcement required *Miranda* warnings, the Court denies that request. The Court denies the request because any such ruling on this record, where the admissibility of the statements is not challenged, would be an advisory opinion. However, as indicated above, because the admissibility of the statements has not been challenged, the Court will not suppress them.

1 accordingly, none of Defendant's statements should be suppressed.

2 **Law**

3 When a person under arrest expressly invokes his or her right to counsel, all police
4 interrogation must end. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). The *Edwards*
5 court explained that, "... an accused ... having expressed his desire to deal with the police
6 only through counsel, is not subject to further interrogation by the authorities until counsel
7 has been made available to him, unless the accused himself initiates further communication,
8 exchanges, or conversations with the police." *Id*. at 485.

9 In *Davis v. United States*, 512 U.S. 452, 459 (1994), the Supreme Court explained
10 that, "... if a suspect makes a reference to an attorney that is ambiguous or equivocal in that
11 a reasonable officer in light of the circumstances would have understood only that the suspect
12 *might* be invoking the right to counsel, our precedents do not require the cessation of
13 questioning." Thus, when it is unclear whether a suspect invoked his or her right to counsel,
14 the *Davis* court held that an officer may continuing questioning. *Id*. at 461. Particularly,
15 *Davis* held that the officer had no duty to ask clarifying questions regarding an ambiguous
16 invocation of rights; the officer could continue arrest-related questions.

17 In *United States v. Rodriguez*, 518 F.3d 1072, 1078-79 (9th Cir. 2008), the Court of
18 Appeals held that *Davis* applies only after a valid waiver of *Miranda* rights. Specifically, the
19 Court stated, "*Davis* addressed what the suspect must do to *restore* his *Miranda* rights after
20 having already knowingly and voluntarily waived them. It did not address what the police
21 must obtain, in the *initial waiver* context, to begin questioning." *Id.* at 1079. The *Rodriguez*
22 Court went on to hold that an ambiguous assertion of a right, pre-waiver, places a duty on
23 the officer to clarify whether the suspect was invoking a right. *Id.* at 1080.

24 **Analysis**

25 If Defendant made an unequivocal request for counsel, the Agents were required to
26 cease questioning. *Edwards*, 451 U.S. at 485. However, if she made an ambiguous request
27 for counsel, the Agents were required to ask clarifying questions because her request came
28 before she waived her rights. *Rodriguez*, 518 F.3d at 1078-80 (requiring clarifying questions

- 3 -

1  if ambiguous request for counsel occurs before a knowing and voluntary waiver of the right
2  to counsel) (*citing Nelson v. McCarthy*, 637 F.2d 1291, 1296 (9th Cir. 1981) ("...where there
3  has been an equivocal assertion of a constitutional right, the attending officer can ask
4  questions to clarify the defendant's wishes....").

5        The interview with the Defendant was not recorded. At the hearing, Defendant did
6  not testify. Further, the three agents all testified differently regarding exactly how Defendant
7  requested counsel. Officer Garcia testified that she did not recall Defendant's first request
8  for counsel. Agent Sandor testified that Defendant stated that she might want an attorney
9  present during questioning, but later testified that Defendant stated she wanted an attorney
10 present during her questioning. The Court finds that Agent Sandor's first version of
11 Defendant's request was an ambiguous request, but Agent's Sandor's second version of
12 Defendant's request was an unambiguous request.

13       Agent Hartfelder testified that in his report he wrote that Defendant said that she
14 wished to be interviewed with an attorney present. But, Agent Hartfelder testified that his
15 actual recollection was slightly different than his report, and his recollection is that
16 Defendant stated as one sentence: I would like to talk to you but I would like to have an
17 attorney present. Similar to the Court's conclusion with Agent Sandor, the Court finds that
18 the version of Defendant's request that Agent Hartfelder stated in his report was
19 unambiguous. However, the version Agent Hartfelder testified he recalled was ambiguous
20 because Defendant's request was impossible (because no attorney was on standby to be
21 present for the interview at that time).

22       Because there is no recording of Defendant's statement, the Court must determine
23 which version of Defendant's statement was actually made. Because the version Agent
24 Hartfelder's testified was in his report (the Court does not have a copy of the report), and the
25 second version given by Agent Sandor are so similar, the Court finds that version most likely.
26 That version is that Defendant stated that she wanted to be questioned/interviewed with an
27 attorney present. The Court finds that this request for counsel was unambiguous and that all
28 questioning had to cease at that time. Accordingly, all of Defendant's statements following

- 4 -

1  this first request for counsel will be suppressed.

2  Further, even if Defendant's request was ambiguous, under *Rodriguez*, the Agents
3  were required to clarify that ambiguity. Here, Agent Sandor advised Defendant that she
4  could not be interviewed at that time with an attorney present because there were no
5  attorneys on standby for interviews. This statement did clarify the reality of the availability
6  of counsel. Agent Hartfelder further testified that after this explanation, Defendant signed
7  the waiver and agreed to talk. However, on this record, there is no evidence that either Agent
8  asked Defendant to clarify if she wanted an attorney immediately. *Rodriguez* requires some
9  amount of clarification of Defendant's request, and while Agent Sandor did make a clarifying
10 statements, this record has no evidence of clarifying questions being posed to Defendant.
11 Therefore, even if Defendant's request was ambiguous, her statements following her request
12 would be suppressed because of the lack of clarifying questions as required by *Rodriguez* in
13 the pre-waiver context.

14 Based on the foregoing,

15 **IT IS ORDERED** that Defendant's motion to suppress statements (Doc. 61) is
16 granted as to all of Defendant's statements made after her first request for counsel.

17 DATED this 30th day of May, 2012.

James A. Teilborg
United States District Judge

- 5 -